IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JODY MITCHELL,

                Plaintiff,

 v.

FRANSICIAN SKEMP HOSPITAL,
in La Crosse, Wisconsin, and
DR. JAMES LABUZZETTA,

                Defendants.

ORDER

10-cv-631-slc

---

     In an order entered in this case on October 26, 2010, I told plaintiff that before I could consider her request to proceed *in forma pauperis* she would have to submit an affidavit of indigency.  Plaintiff has submitted the requested affidavit.  From the affidavit of indigency, I conclude that she may not proceed without prepaying the fees and costs because she is not indigent under this court's standards.

     The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has four dependents. Her monthly income is $0 and her husband's monthly income is $4,000. Thus, the combined annual income is $48,000. Plaintiff's balance comes to $33,200 after subtracting $14,800 for four dependents. Because plaintiff's income is greater than $32,000, she must prepay all fees and costs. If she wishes to proceed with this action, she will have to pay the $350 filing fee in full.

## ORDER

IT IS ORDERED that plaintiff's request for leave to proceed *in forma pauperis* in this action is DENIED because plaintiff does not qualify for indigent status.

Further, IT IS ORDERED that plaintiff may have until November 24, 2010, in which to pay the $350 fee for filing his lawsuit. If, by November 24, 2010, plaintiff fails to pay the fee, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 3rd day of November, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge